UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>v.<br><br>ALBERTO PEREZ-VERDUGO,<br><br>                               Defendant. | Case No.: 13-cr-00528-BEN-1<br><br>**REPORT AND RECOMMENDATION RE: SURETY GERARDO MARTINEZ' MOTION TO VACATE FORFEITURE OF BAIL, EXONERATE BOND, AND ORDER RECONVEYANCE OF REAL PROPERTY**<br><br>**[ECF No. 67]** |

On May 21, 2018, Surety Gerardo Martinez ("Martinez") filed a motion captioned "Motion Application for Motion to Vacate Forfeit Bail; Exonerate of Bond and Order for Reconveyance of Real Property" ("Motion to Vacate Forfeiture"). (ECF No. 67.)[1] The United States filed a response in opposition on October 16, 2019. (ECF No. 74.) The Court held a hearing on the matter on October 17, 2019, at which Martinez appeared. (ECF No. 75.) At the Court's invitation, the United States filed a supplemental response in opposition on October 25, 2019. (ECF No. 80.)

---

[1] Martinez attached to his motion a motion for the same relief dated May 6, 2017, which was never filed on the docket in this case. (*See* ECF No. 67 at 3–15.)

1

For the reasons set forth below, the Court **RECOMMENDS** that Martinez's Motion to Vacate Forfeiture be **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

The Court derives the following summary of events from the docket:

| Date | Event |
|---|---|
| 04-09-13 | Defendant Alberto Perez-Verdugo ("Defendant") was arrested pursuant to an arrest warrant stemming from an indictment. |
| 04-12-13 | The Court set bond for Defendant in the amount of $50,000.00 secured by real property. (ECF No. 9.) |
| 04-25-13 | The Court conducted an examination of sureties, and Martinez was examined under oath. Following Martinez's testimony, the Court approved Martinez as a surety and the bond was filed the same day. (ECF Nos. 12; 13.) |
| 07-11-13 | The Court, via a minute order, set a motion hearing for August 5, 2013. (ECF No. 22.) |
| 07-25-13 | Defendant filed an acknowledgement of the August 5, 2013 motion hearing date and his obligation to appear at it. (ECF No. 23.) |
| 08-05-13 | Defendant failed to appear at the August 5, 2013 motion hearing. The Court issued a no-bail bench warrant but stayed it until August 12, 2013. (ECF No. 24.) |
| 08-12-13 | Defendant failed to appear on August 12, 2013, and the Court issued a bench warrant for Defendant. The United States' oral motion to forfeit the bond was granted. (ECF No. 25.) |
| 08-14-13 | The United States filed a motion for forfeiture of bond, which was served on Martinez by mail. (ECF No. 27.) |
| 08-20-13 | The Court granted the United States' motion, and the posted property bond was ordered forfeited. (ECF No. 28.) |

///
///
///
///

2

| | | |
|---|---|---|
| 12-20-16 | | More than three years after his failure to appear, Defendant was arrested in the Central District of California by the United States Marshals Service. (ECF No. 34.)[2] |
| 02-03-17 | | Defendant, pursuant to a plea agreement, entered a guilty plea to Count 1 of the Superseding Information. (ECF Nos. 42; 45.) As part of the factual basis in the plea agreement, Defendant admitted: |

> On July 11, 2013[,] the Court set August 5, 2013[,] as the date for the instant case's Motion Hearing. Defendant knew of the Court's order and his obligation to appear before the Court on August 5, 2013. On July 23, 2013, in writing, . . . [D]efendant acknowledged the Court's order and [his] obligation to appear before the Court on August 5, 2013. Defendant's Acknowledgement was filed with the Court on July 25, 2013. On August 5, 2013, Defendant willfully failed to appear for the August 5, 2013 motion hearing.

(ECF No. 45 at 4.)

05-21-18     Martinez filed the instant Motion to Vacate Forfeiture. (ECF No. 67.)

## II. <u>LEGAL STANDARD</u>

A bail bond is considered to be "a contract between the government and the defendant and his surety." *United States v. Plechner*, 577 F.2d 596, 598 (9th Cir. 1978) (citing *United States v. Gonware*, 415 F.2d 82, 83 (9th Cir. 1969)). Its purpose is to provide a disincentive for a pretrial criminal defendant to "flee or hide himself" in that is it assumed "the threat of forfeiture of one's goods will be an effective deterrent to the temptation to break the condition of one's release." *Bandy v. United States*, 81 S. Ct. 197, 197 (1960).

---

[2] According to the United States, Defendant was returned to federal custody after an arrest by local authorities in Los Angeles. Defendant was the driver and sole occupant of a vehicle in which was concealed a stolen handgun. Defendant had cocaine in his pants pocket. Defendant subsequently pled no-contest to the charge of Unauthorized Possession of a Controlled Substance in violation of California Health and Safety Code § 11377. (ECF No. 80 at 3.)

3

Under the Federal Rules of Criminal Procedure, "[t]he court must declare the bail forfeited if a condition of the bond is breached." Fed. R. Crim. P. 46(f)(1). The Court does not have discretion over whether to forfeit a bond; "forfeiture is thus mandatory." *United States v. Nguyen*, 279 F.3d 1112, 1115 (9th Cir. 2002) (citing *United States v. Abernathy*, 757 F.2d 1012, 1015 (9th Cir. 1985)).

Once a bond is forfeited, a court can nonetheless set aside or remit all or part of the bond under certain circumstances. "Rules 46(e)(2) and (e)(4) allow the district court to set aside or remit all or part of the bond if it appears that justice will not be served by enforcing the forfeiture." *Abernathy*, 757 F.2d at 1015. In the Ninth Circuit, courts are guided by the following six non-exhaustive factors in deciding whether or not to remit or set aside forfeiture of bail:

> 1) the defendant's willfulness in breaching a release condition; 2) the sureties' participation in apprehending the defendant; 3) the cost, inconvenience, and prejudice suffered by the government; 4) mitigating factors; 5) whether the surety is a professional or a member of the family or a friend; and 6) the appropriateness of the amount of the bond.

*Nguyen*, 279 F.3d at 1115–16 (quoting *United States v. Amwest Surety Ins. Co.*, 54 F.3d 601, 603 (9th Cir. 1995)). The factors are non-exclusive and need not all "be resolved in the government's favor." *Id.* at 1116 (quoting *United States v. Sar–Avi*, 255 F.3d 1163, 1167 (9th Cir. 2001)). Furthermore, "[t]he party seeking to have the court set aside or remit the forfeiture bears the burden of establishing grounds for such action." *United States v. Logan*, No. 95CR1468–IEG, 2009 WL 1605326, at *1 (S.D. Cal. June 5, 2009) (citing *United States v. Cervantes*, 672 F.2d 460, 461 (5th Cir. 1982) ("The burden of establishing grounds for a set aside or remission is on the party challenging the forfeiture.")); *see also United States v. Gambino*, 17 F.3d 572, 574 (2d Cir. 1994) ("The burden of establishing grounds for remission is on the party challenging the forfeiture." (citing *United States v. Egan*, 394 F.2d 262, 267 (2d Cir. 1968))).

///

///

### III. ANALYSIS

Primarily citing California authorities, Martinez argues that the previously forfeited bond should be exonerated because "all conditions for the bond have been satisfied [as Defendant was re-arrested] and are now moot." (ECF No. 67 at 8.) The United States argues that, applying the factors set forth in *Nguyen*, remission of the forfeited bond is not appropriate. (ECF No. 74 at 6–8.)

The Court addresses in turn the factors set forth in *Nguyen*. The first factor, Defendant's willfulness in breaching a release condition, weighs against remission. Defendant admitted the willfulness of his breach and the evidence on this point is unrefuted. (ECF No. 45 at 4.) The second factor, the sureties' participation in apprehending the defendant, weighs against remission. Martinez acknowledged at the hearing in this matter that the limited efforts he was able to make in trying to locate the Defendant were fruitless, and he shared no helpful information with the U.S. Marshals Service. The third factor, the cost, inconvenience, and prejudice suffered by the government, weighs against remission. Although the United States was not able to provide any specific information about the cost to the United States of its efforts to re-apprehend Defendant, it is not required to do so. *See, e.g.*, *Amwest*, 54 F.3d at 604–05 ("[A] denial of remission was within the district court's discretion where there was an intentional breach of bond conditions and a lack of mitigating factors, even though 'there was no showing of specific prejudice, cost, or inconvenience to the Government resulting from [the] breach.'" (second alteration in original) (quoting *United States v. Stanley*, 601 F.2d 380, 382 (9th Cir. 1979))). Furthermore, the facts that it took over three years to re-arrest Defendant, he was arrested in another district, and he engaged in further criminal conduct while a fugitive is sufficient evidence of the cost, inconvenience and prejudice to the United States.

The fourth factor, mitigating factors, is neutral or weighs slightly in favor of Martinez, although for reasons that overlap with the fifth factor. Martinez asserts as a mitigating factor that Defendant was a friend of Martinez's brother, and Martinez only acted as a surety as a favor to his brother and based upon his brother's assurances that

Defendant would make his court appearances. (ECF No. 67 at 13.) This serves as only a weak mitigating factor, for Judge McCurine conducted an examination of sureties, and Martinez was aware of the risks and obligations of serving as a surety. (*See* ECF No. 12.) Additionally, it is presumably true that all third-party sureties agree to be sureties believing the defendants will make their court appearances. Martinez's misplaced confidence in Defendant does not distinguish this case. The fifth factor, that Martinez is not a professional surety, weighs in favor of remission, but is not dispositive. The Ninth Circuit has rejected the so-called "loving relative" exception to its forfeiture analysis, which would otherwise allow courts to consider the potentially harsh financial toll of forfeiture upon affected sureties. *Nguyen*, 279 F.3d at 1117 n.2 ("We decline to adopt, as the dissent apparently urges, a 'loving relative' exception to our bond forfeiture jurisprudence.") The sixth factor, the appropriateness of the amount of the bond, weighs against remission. The bond amount, $50,000, is reasonable in light of the severity of the charges and is not excessive as a measure of the likely cost to the United States of having to re-arrest the Defendant in the event of his failure to appear.

For these reasons, the Court concludes that neither setting aside nor partially remitting the forfeiture would be appropriate, and Martinez's Motion to Vacate Forfeiture should be denied.

### IV. CONCLUSION

**IT IS HEREBY RECOMMENDED** that the district court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) denying Martinez's Motion to Vacate Forfeiture.

**IT IS ORDERED** that no later than **December 5, 2019**, any party to this action may file written objections with the district court and serve a copy on the opposing party. The documents should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to any objections shall be filed with the district court and served on all parties no later than **December 12, 2019**. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS FURTHER ORDERED** that the clerk mail a copy of this Report and Recommendation to the surety, Gerardo Martinez, at both of the following addresses:

1. 9825 Defiance Avenue, Los Angeles, CA 90002; and
2. 9825 Bandera Street, Los Angeles, CA 90002

**IT IS SO ORDERED.**

Dated: November 20, 2019

Hon. Jill L. Burkhardt
United States Magistrate Judge