UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO PEREZ-VERDUGO,<br>　　　　　　　　MOVANT,<br>v.<br>UNITED STATES OF AMERICA,<br>　　　　　　　　RESPONDENT. | Case No.: 13-cr-528-BEN<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(2)**<br><br>**[ECF No. 100]** |

　　　Movant again seeks a reduction in sentence under 18 U.S.C. § 3582(c)(2), arguing that Amendment 782 to the Sentencing Guidelines warrants a modification of his sentence. He argues that on November 1, 2014 the United States Sentencing Commission passed Amendment 782 to the United States Sentencing Guidelines and reduced some offenses by two levels. He contends this amendment had an effect on the sentence imposed by this Court in this case, and therefore moves this Court to reduce and amend the sentence imposed on this case. Amendment 782 increased the quantity of actual methamphetamine that triggers a base offense level of 38 -- from 1.5 kilograms to 4.5 kilograms. *United States v. Valdez,* No. CR 08-00694 SBA, 2020 WL 922759, at *216 (N.D. Cal. Feb. 26, 2020); *see also United States v. Spears,* 824 F.3d 908, 917 (9th Cir. 2016) (Amendment 782 further raised the crack cocaine quantity thresholds in the

drug quantity table.); *compare* U.S.S.G. § 2D1.1(c) (2012), *with* U.S.S.G. § 2D1.1(c) (2014). These are the same grounds upon which he previously moved for a sentence modification under Amendment 782. The prior motion was denied, explaining,

> Here, Petitioner pled guilty to possessing 21.25 kilograms of methamphetamine (actual). Thus, "[a]lthough Amendment 782 increased the quantity of actual methamphetamine that triggers a base offense level of 38 - from 1.5 kilograms to 4.5 kilograms - the quantity possessed by Defendant *still far exceeds* that threshold." *United States v. Valdez,* No. CR 08-00694 SBA, 2020 WL 922759, at *2 (N.D. Cal. Feb. 26, 2020) (denying the defendant's motion to reduce his sentence pursuant to Section 3582 because "Amendment 782 is of no benefit to Defendant" where "Defendant possessed 60 kilograms of actual (pure) methamphetamine"). Accordingly, "Defendant's base offense level and resulting guideline range therefore remain the same, rendering him ineligible for a sentence reduction under section 3582(c)(2)." *Id.* (citing *United States v. Mercado-Moreno,* 869 or more of actual methamphetamine, "he still receives the maximum base offense level and Amendment 782 does not alter his sentencing range-thus precluding him from a reduction under § 3582(c)(2)").
>
> Thus, because 21.25 kilograms still exceeded the level triggering a base offense level of 38, Amendment 782 had no effect on Petitioner's sentence. *See, e.g., See, e.g., United States v. Guerrero,* No. 07-CR-676-BEN, 2020 WL 2556378, at *1 (S.D. Cal. May 20, 2020) (denying a similar motion for a sentence reduction pursuant to Section 3582(c)(2) based on the 782 amendment where the defendant had been convicted of possessing 8.682 kilograms of methamphetamine (actual) and sentenced to 240 months to life based on a base offense level of 38; the amended guidelines had no change on his base level given the actual sentence was far below a two level reduction of the low-end of the guidelines range). If the base offense level is reduced two levels, the total offense level of 38 would still yield an advisory guideline range of 324 to 405 months. Defendant was sentenced to 180 months, far below the low-end of the Guideline range as calculated.

*See* Order (filed August 25, 2021) Dkt. 99.  Nothing has changed during the interim passage of time.  Defendant's second Motion is **DENIED**.

**IT IS SO ORDERED.**

DATED:   May 1, 2023

**HON. ROGER T. BENITEZ**
United States District Judge