AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 13CR0528-JLS |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ALBERTO PEREZ-VERDUGO | (COMPASSIONATE RELEASE) |

Upon pro se motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 102), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS HEREBY ORDERED that the motion is DENIED after complete review of the motion on the merits.

FACTORS CONSIDERED:

The Court finds that Defendant has failed to establish an extraordinary and compelling basis for relief under Section 3582(c)(1)(A)(i). Defendant contends that he is eligible for relief pursuant to a policy statement set forth by the Sentencing Commission in U.S. Sentencing Guideline ("USSG") Section 1B1.13(a)(b)(6). This Section provides that extraordinary circumstances may exist under the following circumstances:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

On August 7, 2017, Defendant Perez-Verdugo was sentenced by the Honorable Roger T. Benitez to a term of 180 months' imprisonment. Judgment, ECF No. 58. Defendant has not yet served at least 10 years of that sentence, as required to obtain relief under USSG 1B1.13(a)(b)(6). By the Court's calculation, Defendant has served slightly more than seven years of his sentence.[1] Thus, the Court finds Defendant's reliance on this policy statement to be unavailing.[2]

In further support of his contention that compassionate release is appropriate, Defendant cites the harsh conditions of his confinement at FCC-Yazoo City, such as "on-again/off-again" lock-down/quarantine status, Covid-19 concerns, a chicken pox outbreak, and transfer of MS-13 gang members to the institution. Defendant's Motion, ECF No. 102 at 16-17. Defendant presents no circumstance unique to him, but rather describes the generalized condition of the institution and hardships faced by all inmates during the pandemic and otherwise. While the Court does not necessarily dispute these hardships and certainly does not doubt that incarceration during this time was particularly difficult, courts have recognized that "general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release." *United States v. Samal*, No. CR18-0214JLR, 2023 WL 2579887, at *3–4 (W.D. Wash. Mar. 16, 2023), quoting *United States v. Bolden*, No. CR16-0320RSM, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020).

/ / /

/ / /

---

[1] Defendant was arrested on April 9, 2013 and released on bond on April 26, 2013, a period of 18 days. See Presentence Report, ECF 49 at 1. He was remanded into custody on December 20, 2016, *id.,* and remained incarcerated through sentencing on August 7, 2017, a period of 231 days, constituting a total period of 249 days presentence custody. 2368 days have passed since Defendant was sentenced on August 7, 2017 until the date of this order. This constitutes a total period of incarceration of 2617 days, or approximately 7.2 years.

[2] The Court makes no finding as to whether Defendant has satisfied the remaining requirements of the policy statement.

Accordingly, Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

IT IS SO ORDERED.

Dated:  January 30, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge